1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ernest Galvan, 196065
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: Egalvan@rbg-law.com

Counsel for Related Case Petitioner Leslie D.
Mower

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA BARCELO BLAKE, Reg. No. 14927-097  Federal Correctional Institution - Camp Parks, Dublin, California,<br><br>          Petitioner,<br><br>     v.<br><br>SCHELIA A. CLARK, Warden, Federal Correctional Institution - Camp Parks, Dublin, California,<br><br>          Respondent. | Case No. 4:07-CV-02899 CW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**LOCAL RULES 3-12 AND 7-11** |

Pursuant to Local Rules 3-12 and 7-11, Petitioner LESLIE D. MOWER hereby makes this motion on the ground that the case of *Leslie D. Mower, Reg. No. 10178-081, Federal Correctional Institution – Camp Parks, Dublin, California v. Paul Copenhaver, Warden, Institution – Camp Parks, Dublin, California*, filed concurrently with this motion in the Federal District Court for the Northern District of California, is related to two cases already on file in the Northern District.  This motion is based on the statement below, as well as the Declaration of Ernest Galvan and the Proposed Order filed herewith.

*Mower v. Copenhaver* is related to the following cases already on file before the Honorable Claudia Wilken:

*Blake v. Clark*, Case No. 4:07-CV-02899-CW (N.D. Cal. Filed June 4, 2007) (hereinafter *Blake*).

*Aragon v. Clark*, Case No. 4:07-CV-02925-CW (N.D. Cal. Filed June 5, 2007) (hereinafter *Aragon*).

## I.    RELATIONSHIP TO *BLAKE* AND *ARAGON*

### A.    These Cases Are Related Because They Involve The Same Event.

The *Mower* and *Blake* cases are related because they "concern substantially the same parties… [and] event."  *See* Local Rule 3-12(a)(1).

In *Blake*, an inmate in the custody of the Bureau of Prisons (BOP) at Federal Correctional Institution (FCI) Dublin has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, naming now-former FCI Dublin Warden Schelia Clark as Respondent, and seeks relief from the BOP's policy—a policy at odds with its authority under federal law—of refusing to exercise its discretion under federal law to grant a pre-release term of more than 10 percent of an overall term of imprisonment to a Community Corrections Center (CCC).  This case is now pending in the Northern District of California before Judge Claudia Wilken.

In the instant case, Ms. Mower seeks a grant of habeas corpus under 28 U.S.C. § 2241, naming current FCI Dublin Warden Paul Copenhaver as Respondent, and seeks relief from the BOP's policy and practice of refusing to consider an inmate for placement in community

1

1  confinement except for the last ten percent (10%) or six months, whichever is less, of an inmate's

2  time served. As the petitioner in *Blake* did, Ms. Mower requests that the court order the BOP,

3  promptly and in good faith, to consider the appropriateness of transferring the petitioner to a

4  CCC in light of the factors set forth in 18 U.S.C. § 3621(b) without reference to the 2002 BOP

5  policy and without reference to 28 C.F.R. § 570.21.

6      This same event, the BOP's practice of limiting consideration for pre-release CCC

7  placements to the lesser of 6 months or 10 percent of an inmate's full sentence, forms the basis of

8  the *Blake* case and the *Mower* case. Therefore, these cases are related under Local Rule 3-

9  12(a)(1).

10     **B.      The Assignment of These Cases to a Single Judge Will Reduce Duplication of**

11  **Judicial Effort.**

12      Under the second requirement for relatedness under Local Rule 3-12(a), it "appears likely

13  that there will be an unduly burdensome duplication of labor and expense or conflicting results if

14  the cases are conducted before different Judges" because both cases involve the same respondent

15  and concern the BOP's duty to conduct evaluations for CCC placement without regard to the

16  same unlawful policy and regulation. *See* Local Rule 3-12(a)(2). Assigning *Mower* and *Blake* to

17  the same judge will likely effect substantial savings of judicial time and effort because the time

18  spent becoming familiar with the BOP policies and procedures in one case will not need to be

19  duplicated in the other case.

20      Because the *Mower* and *Blake* cases challenge the same event—the BOP's practice of

21  unlawfully limiting the exercise of its discretion, involve the same respondent, and concern

22  similar questions of fact and law that may create duplication of labor and expense as well as

23  conflicting results if conducted before different Judges, these cases are related under Local Rule

24  3-12(a)(1), (2).

25  **II.     RELATIONSHIP TO *ARAGON* CASE**

26      The *Mower* and *Aragon* cases are also related in that they concern substantially the same

27  event. *See* Local Rule 3-12(a)(1). In *Aragon*, the petitioner, an inmate at FCI Dublin, has named

28  FCI Warden Clark as Respondent and has asked the court to order the BOP to consider

2

1  designating pre-release placement at a CCC without regard to the unlawful 2002 BOP policy and

2  without reference to 28 C.F.R. § 570.21—that is, in good faith and in light of the factors set forth

3  in 18 U.S.C. § 3621(b), to consider placing the petitioner at a CCC for a period greater than ten

4  percent of her full sentence.  As in *Mower*, the BOP's practice of limiting consideration for pre-

5  release CCC placements to the lesser of 6 months or 10 percent of an inmate's full sentence,

6  forms the basis of the *Aragon* case.

7          Thus, because *Mower* and *Aragon* involve similar questions of fact and law, the

8  assignment of these two cases to a single judge will likely result in savings of judicial time and

9  effort.  *See* Local Rule 3-12(a)(2).

10 **III.    OTHER CASES**

11         Petitioner is aware of several other cases on file in the Northern District in which the

12 petitioners seek release from BOP custody to a CCC:  *Rivera v. Clark*, Case No. 5:07-CV-02420-

13 JF (N.D. Cal. Filed May 4, 2007) and *Burlingame v. Clark*, Case No. 4:07-CV-03394-SBA (N.D.

14 Cal. Filed June 28, 2007).

15         However, because Local Rule 3-12(b) requires that this Motion be submitted in the

16 earliest filed related case, this Motion is being filed in the *Blake* case (filed on June 4, 2007).  In

17 addition, *Rivera v. Clark*, in which the petitioner seeks relief similar to that sought in the instant

18 case, was referred by Judge Jeremy Fogel to Judge Wilken on July 12, 2007 for consideration as

19 to whether *Rivera* may be related to another case before her.   If so determined, *Rivera* would be

20 the earliest filed related case, and this motion would be properly filed before Judge Wilken.

21                                **CONCLUSION**

22         The *Mower* case is related to the *Blake* case and to the *Aragon* case.  Ms. Mower

23 respectfully requests assignment of her case to the same District Judge.

24 Dated:  July 30, 2007                          Respectfully submitted,

25                                               ROSEN, BIEN & GALVAN, LLP

26

27                                               By: *[s] Ernest Galvan*_____
                                                        Ernest Galvan
28                                                      Attorneys for Petitioner *Leslie D. Mower*