1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney

2
3  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
   Assistant United States Attorney

4
5  DENNIS M. WONG (CSBN 173951)
   Special Assistant United States Attorney

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (925)803-4760
      FAX: (415) 436-6748
8     Email: dwong@bop.gov

9  Attorneys for Federal Respondent

10             UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13  CYNTHIA BARCELO BLAKE,              )    No. 07-CV-2899 CW
                                        )    E-FILING CASE
14          Petitioner,                 )
                                        )
15      v.                              )    OPPOSITION TO ADMINISTRATIVE
                                        )    MOTION TO CONSIDER WHETHER
16  SCHELIA A. CLARK, Warden,           )    CASES SHOULD BE RELATED MADE
                                        )    PURSUANT TO LOCAL RULE 3-12 AND
17          Respondent.                 )    7-11
                                        )
18  _____)

19                   **I. INTRODUCTION**

20          Leslie D. Mower, an inmate currently incarcerated at the Federal Prison Camp ("FPC") at

21  Dublin, California, seeks to relate her habeas petition *(Leslie D. Mower v. Copenhaver*, 07-CV-

22  03891-PJH, N.D. Cal., filed July 30, 2007) to habeas petitions filed by Cynthia Blake (the instant

23  case) and Dianne Aragon (*Dianne Aragon v. Schelia A. Clark*, 07-CV-02925-CW, filed June 5,

24  2007), both of whom are also inmates at FPC Dublin.   The Respondent opposes Ms. Mower's

25  Administrative Motion as her case does not concern the same event.  Accordingly, there will be

26  no unduly burdensome duplication of labor and expense or conflicting results if the cases are

27  conducted before different judges. *See* Civil L. R. 3-12(a).

28

## II. PROCEDURAL POSTURE

On June 4, 2007, Petitioner Blake filed a petition for writ of habeas corpus in this matter. On June 19, 2007, this Court issued an Order To Show Cause ordering the Respondent to file an answer within 60 days.[1]   On July 31, 2007, Ms. Mower filed her Motion to have this Court consider whether her case should be related to Petitioner Blake and Aragon's cases.  This Opposition follows.

## III. ARGUMENT

**As Ms. Mower Seeks To Invalidate A Bureau of Prisons ("BOP") Regulation That Limits Community Placement To Six Months, And Petitioners Blake and Aragon Seek To Invalidate A BOP Regulation That Limits Community Placement To 10% Of Their Sentence, The Cases Are Not Related**

Petitioner Blake's Petition For Writ of Habeas Corpus requests the "'full benefit'" of six months of pre-release placement at a Community Corrections Center."  *See* Blake Petition at 1; 5. Petitioner Aragon's habeas petition is practically a mirror image of Petitioner Blake's.  *See Exhibit A,* Aragon Habeas Petition, Case No. 07-CV-2925-CW.   In short, they are challenging the BOP's regulation contained at 28 C.F.R. § 570.21(a), which states that the BOP will "designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."

In contrast, Ms. Mower's habeas petition argues that BOP regulations governing community placement erroneously set a maximum time that one can be placed in community confinement.  *See Exhibit B*, Ms. Mower's Habeas Petition, Case No. 07-CV-3891-PJH at 21-23:7 ("The BOP's misreading inverts the plain meaning and actual purpose of Section 3624, which is to set a *minimum* portion of the sentence to be served in a CCC, not, as the BOP would have it, a *maximum* period." (emphasis in original)).  Moreover, Ms. Mower's intent is clearly stated in her prayer for relief as she demands to be released immediately to a community facility without regard to her 10% date or 6 month maximum as set forth by 18 U.S.C. § 3624(c).  *Id.* at

---

[1] The Respondent's Answer is due August 20, 2007.

1-6:13 ("requiring that the BOP re-consider placement in a CCC and make a written report to the Court . . . stating either that Petitioner will be transferred *immediately* to the CCC or showing probable cause why Petitioner is not being so transferred." (emphasis added)).

   Whereas Petitioners Blake and Aragon's projected release dates are in early 2008 (February and January, respectively), their cases only challenge the regulation limiting their community placement to 10% of their sentence, so that may be released up to the last six months of BOP custody.[2] *See Exhibit C,* Declaration of Bobbie Butler.   In contrast, Ms. Mower's projected release date is February 13, 2009, illustrating how her case differs as she seeks community placement in excess of six months.   *Id.*   In sum, as Ms. Mower challenges BOP regulations that are not being challenged by Petitioners Blake and Aragon, her case does not concern substantially the same event as required under Local Rule 3-12(a).   Accordingly, there will be no unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *See* Civil L. R. 3-12(a).

## IV.  CONCLUSION

   Accordingly, as Ms. Mower's case does not substantially relate to Petitioners Blake and Aragon's cases, Respondent respectfully requests that this Court issue an order pursuant to Civil L.R. 3-12(f) denying that the cases are related.

Dated: August 3, 2007                              Respectfully submitted,

                                                   SCOTT N. SCHOOLS
                                                   United States Attorney


                                            By:    ____/s/_____
                                                   Dennis M. Wong
                                                   Special Assistant U.S. Attorney

---

   [2] Petitioner Blake's 10% date, meaning the earliest she is eligible to be transferred to community confinement, is December 8, 2007.   *See Exhibit C*, Declaration of Bobbie Butler. Petitioner Blake's approximate six month date is July 12, 2007.  *Id.*  Petitioner Aragon's 10% date is December 28, 2007, and her approximate six month date is August 4, 2007.   *Id.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the U.S. Department of Justice, and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED MADE PURSUANT TO LOCAL RULE 3-12 AND 7-11**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__        **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____        **PERSONAL SERVICE (BY MESSENGER)**

_____        **FACSIMILE (FAX)**  Telephone No.:

to the parties addressed as follows:

Dianne Aragon, Reg. No. 27331-051 (*pro se*)
FPC Dublin
5675 8th Street
Camp Parks
Dublin, CA 94568

Cynthia Blake, Reg. No. 14927-097 (*pro se*)
FPC Dublin
5675 8th Street
Camp Parks
Dublin, CA 94568

*Counsel for Leslie Mower, Ernest Galvan, is not on this list as he will be served electronically through ECF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of August, 2007, at Dublin, California.


_____
                    /s/
Maria Syed. Legal Assistant

Resp. Opp. To Relate Cases
07-CV-2899-CW                        4