FILED
07 SEP -4 PM 2:06
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

_CYNTHIA B. BLAKE_,           )
                              )    No. C-_07-02899 CW (PR)_
        Petitioner,           )
                              )
vs. _SCHELIA A. CLARK (FORMER_ )    REPLY/TRAVERSE TO PETITION FOR
    _WARDEN_)                 )    WRIT OF HABEAS CORPUS UNDER 28
_PAUL COPENHAVER (CURRENT_    )    U.S.C. § 2241
_WARDEN_),                    )
                              )
        Respondent.           )
                              )

## INTRODUCTION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a Bureau of Prison ["BOP"] regulation, 28 C.F.R. § 570.21(a), which limits the amount of time a BOP inmate can be considered for placement in community confinement to the last 10% of her sentence, not to exceed six months. After the Court issued an order to show cause, respondent filed a timely Answer and Opposition to the petition ["Answer"]. Respondent makes three arguments, all of which have been rejected by every circuit to address them and numerous district courts.[1] _See, e.g., Wedelstedt v. Wiley_, 477 F.3d 1160 (10th Cir. 2007); _Levine v. Apker_, 455 F.3d

---

[1] As respondent notes, Answer at 10 n.8, the Ninth Circuit has not yet decided this issue but has a case pending before it that raises the issue.

2241 REPLY/TRAVERSE                    1

71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). For the reasons discussed below, the Court should grant the petition, invalidate the regulation and order the BOP to consider her for placement in community confinement without regard to the regulation.

## ARGUMENT

A. The Court Should Not Dismiss The Petition For Failure To Exhaust Administrative Remedies

Respondent argues first that the Court should dismiss the petition because petitioner has not exhausted the BOP's administrative remedies. Answer at 4-5. Specifically, it argues that the statutory exhaustion requirement of the Prisoner Litigation Reform Act ["PLRA"] applies to habeas petitions. *Id.* & n.4. Because her petition challenges "prison conditions," respondent argues, it falls under the PLRA, exhaustion is mandatory and her failure to exhaust requires dismissal. Respondent is wrong.

Respondent cites no authority applying the PLRA exhaustion requirement to habeas petitions under 28 U.S.C. § 2241. The two cases it does cite that discuss the PLRA exhaustion requirement, *Porter v. Nussle*, 534 U.S. 516 (2002), and *Jones v. Bock*, 127 S. Ct. 910 (2007), both involve prisoner suits under 42 U.S.C. § 1983, not habeas petitions. As the Supreme Court in *Porter* noted, there is a difference between prisoner petitions that challenge the fact or duration of confinement and those that challenge the conditions of confinement. 534 U.S. at 527 (discussing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). The latter fall under the PLRA; the former do not. *Id.* Petitioner's habeas petition, which claims she is entitled to consideration for earlier release to a community-confinement center, goes to the duration of her confinement, not "prison conditions" as used in the PLRA. *Id.* at 525.

The Ninth Circuit has held that exhaustion of administrative remedies is not a statutory requirement for habeas petitions under § 2241. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *see also Hicks v. Hood*, 203 F. Supp. 2d 379, 382 (D. Or. 2002) (rejecting BOP's

argument that failure to exhaust required dismissal of challenge to BOP regulation limiting early release to community confinement for completion of drug program). Exhaustion is a prudential requirement for such petitions; as such, courts have discretion to waive exhaustion. *Laing*, 370 F.3d at 997. A court may waive the exhaustion requirement for a § 2241 habeas petition when, for example, exhaustion would be futile. *Id.* at 998-99.

As set forth in her petition, petitioner has started the process of exhausting her administrative remedies. The Court should not dismiss her petition because she has failed fully to exhaust her administrative remedies for two reasons. First, as other courts have found in the same circumstances, exhaustion would be futile because the BOP's denial of petitioner's administrative remedies would be based on the regulation she challenges. *See, e.g., Jones v. Zenk*, ___ F. Supp. 2d ___, 2007 WL 1991406 at **1, 9 (N.D. Ga. July 6, 2007) (finding that exhaustion would be futile because of categorical rule that BOP "has continued to enforce . . . in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions."); *Bell v. Wiley*, 481 F. Supp. 2d 1168, 1172 (D. Colo. 2007); *Evans v. Willingham*, 413 F. Supp. 2d 155, 157 n.1 (D. Conn. 2006). Second, if she were required fully to exhaust her administrative remedies, petitioner would lose the benefit of consideration for early release that she seeks by her petition. *See Hicks*, 203 F. Supp. 2d at 382 (rejecting BOP's argument that petition should be dismissed for failure to exhaust because to do so would deny petitioner benefit of early release that he sought).

For these reasons, the Court should not dismiss the petition for failure fully to exhaust administrative remedies.

B. **The Court Should Consider Whether Petition Is Eligible For Consideration For Community-Confinement Placement Without Regard To The BOP's Regulation**

Respondent's next argument is that petitioner is not yet eligible for community confinement under its regulation because she has not yet reached the last 10% of her sentence. But the regulation the BOP is relying on to find that she is not eligible is the regulation that

2241 REPLY/TRAVERSE                                3

petitioner's habeas petition is challenging. If this Court were to agree with petitioner (and the four federal appellate courts that have considered the issue) and find the regulation invalid, then petitioner would now be entitled to be considered for community-confinement placement. The issue is ripe, and her petition should be decided promptly so that she will not lose the benefit of timely consideration for community-confinement placement. *See Bell*, 481 F. Supp. 2d at 1171-72 (rejecting BOP's argument that petitioner's claim is not ripe; if BOP hadn't already applied regulation to petitioner, its application is sufficiently imminent).

C. **The BOP's Regulation Is Not A Valid Exercise Of Its Rule-Making Authority, And Thus Is Not Entitled To *Chevron* Deference, Because It Conflicts With The Statute**

Finally, respondent argues that this Court should defer to its regulation, which properly interprets 18 U.S.C. §§ 3621(b) and 3624(c). Answer at 6-10. The four federal courts of appeal that have addressed this argument all have rejected it. *Wedelstedt*, 477 F.3d at 1167; *Levine*, 455 F.3d at 87; *Fults*, 442 F.3d at 1092; *Woodall*, 432 F.3d at 244. Considering all the arguments respondent makes here, these courts have held that the BOP regulation is an invalid exercise of the BOP's rule-making authority. The regulation fatally conflicts with 18 U.S.C. § 3621(b), these courts have held, because its categorical preclusion of community-confinement placement before the last 10% of an inmate's sentence prevents the BOP from following the statutory requirement to consider five specific factors when deciding where to place an inmate.

The Tenth Circuit explained the decisions of the three appellate courts that preceded it before deciding to agree with their "well-reasoned and thoughtful opinions":

> Each court interpreted § 3621(b) to clearly and unambiguously require the BOP to consider the five factors set out in § 3621(b)(1)-(5) when making placement and transfer decisions, and interpreted the CCC placement restrictions in § 570.21 as preventing the BOP from fully considering each of these factors. . . .Under *Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984), these courts ruled the regulations were invalid. Because each court determined § 3621(b) includes a clear assertion of congressional intent, each rejected the BOP's argument that, under *Lopez [v. Davis*, 531 U.S. [230] at 242, 121 S. CT. 714 [2001], the

promulgation of §§ 570.20 and 570.21 was a permissible exercise of the BOP's categorical rulemaking authority.

. . .

This court joins the Second, Third, and Eighth Circuits in concluding 28 C.F.R. §§ 570.20 and 570.21 impermissibly conflict with the clear and unambiguous congressional intent articulated in 18 U.S.C. § 3621(b) and are, therefore, invalid. *Levine*, 455 F.3d at 87; *Fults*, 442 F.3d at 1092; *Woodall*, 432 F.3d at 237.

*Wedelstedt*, 477 F.3d at 1164-65.

For the reasons discussed in the four published court of appeals decisions, this Court should hold that the BOP's regulation conflicts with 18 U.S.C. § 3621(b) because it categorically precludes the BOP from applying the statutory factors in making placement decisions. The regulation is an impermissible exercise of the BOP's rule-making authority and not entitled to deference under *Chevron* or *Lopez*. The Court should find the regulation invalid.

## CONCLUSION

For these reasons, petitioner respectfully asks the Court to grant her habeas petition and order the BOP to consider her promptly, and in good faith, for community-confinement placement.

Dated: 08-30-07

Respectfully submitted,

_____
Petitioner*

*This brief was prepared with the assistance of Robin Packel, Research and Writing Specialist, Federal Public Defender, 555 12th Street, Suite 650, Oakland, CA 94607, (510) 637-3500.